IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**MARK DANIEL CROWLEY,**                                            **PLAINTIFF**
**ADC #133058**

V.                      CASE NO. 5:18-CV-180-KGB-BD

**MAQEZ D. NAILOR, et al.**                                        **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Any party is free to file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, any right to appeal questions of fact may be lost.

**II.   Discussion:**

A.  Background

Mark Daniel Crowley, an Arkansas Department of Correction ("ADC") inmate, filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) Mr. Crowley alleged that his cellmate continually threatened him. The Defendants were allegedly aware of the serious threat that Mr. Crowley's cellmate posed,

yet failed to remedy the situation. In addition, he alleges unconstitutional conditions of confinement.

Defendants have now moved for summary judgment, arguing that Mr. Crowley failed to fully exhaust his administrative remedies before filing this lawsuit. (#19) Mr. Crowley has responded to the motion, and Defendants have replied. (#27, #30, #31) Accordingly, the motion is now ripe for review.

B.  Exhaustion

The Court must dismiss any claim that was not fully exhausted before the date a complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed to comply with administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But the exceptions to the exhaustion requirement are few. An inmate's subjective belief about the effectiveness of the grievance process does not excuse a failure to exhaust; nor does confusion about

exhaustion requirements. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

In support of their motion, Defendants rely on the sworn statement of Terri Grigsby-Brown, the Inmate Grievance Supervisor for the ADC. (#20-2) According to Ms. Grigsby-Brown's affidavit, Mr. Crowley did not fully exhaust any grievance relating to the claims raised in this lawsuit prior to filing his complaint in this case.

In response to the Defendants' motion, Mr. Crowley argues that ADC officials prevented him from fully exhausting his administrative remedies. Specifically, he explains that he submitted two emergency grievances on June 15, 2018.[1] Mr. Crowley states that Sergeant Agnew signed and received those grievances. According to Mr. Crowley, Sergeant Agnew told Mr. Crowley that Captain Stark had received the grievances and that he was "sending out emails concerning the serious nature of the content." (#30 at p.2) Mr. Crowley explains that he never received a response to either grievance submitted on June 15, 2018, so as to allow him to move to the next step in the grievance process.

According to the ADC inmate grievance procedure, an emergency grievance is considered a step-two grievance, or a formal grievance, rather than an informal resolution. (#20-1 at p.) According to the grievance procedure, if a problem solver determines that an emergency grievance presents a true emergency, "corrective action" should be taken within twenty-four hours. (*Id.* at p.6) If, however, the grievance is "found

---

[1] The Court notes that Mr. Crowley also explains that, on August 1, 2018, he submitted a grievance related to the events giving rise to this lawsuit. (#27 at p.2) Because, however, that grievance was submitted after this lawsuit was filed, Mr. Crowley could not have fully exhausted that grievance prior to filing this lawsuit.

to not involve a substantial risk of personal injury or serious and irreparable harm, it will be returned to the problem solver and processed under Step One." (*Id*. at p.2)

If an inmate does not receive a response to either a formal grievance or an informal resolution within the time provided in the inmate grievance procedure, the inmate may proceed to the next step in the grievance process. (*Id*. at pp.7-8, 10)

Here, on the grievance forms Mr. Crowley submitted on June 15, 2018, he indicated that the grievances were both informal resolutions and emergency grievances. (#2 at pp.18-19) Neither of those grievances was given a grievance number and neither indicate the date the papers were received.

Assuming that ADC staff failed to timely respond to the grievances, whether considered informal resolutions or emergency grievances, Mr. Crowley could have proceeded to the next step in the grievance process. Here, he has failed to come forward with any evidence indicating that ADC staff members prevented him from proceeding to the next step in the grievance process or that he ever attempted to proceed to the next step in the grievance process. Without that evidence, Mr. Crowley has failed to create a genuine issue of fact regarding his failure to exhaust his administrative remedies. For that reason, Defendants are entitled to dismissal of the claims, without prejudice.

### III. **Conclusion:**

The Court recommends that the Defendants' motion for summary judgment (#19) be GRANTED. Mr. Crowley's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED, this 21st day of September, 2018.

_____
UNITED STATES MAGISTRATE JUDGE