# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**MARK DANIEL CROWLEY**
**ADC #133058**                                                                     **PLAINTIFF**

v.                              Case No. 5:18-cv-00180-KGB/BD

**MAQEZ D. NAILOR,** *et al.*                                                       **DEFENDANTS**

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Beth Deere (Dkt. No. 33). Plaintiff Mark Daniel Crowley filed timely objections to the Recommended Disposition (Dkt. Nos. 34, 35). After careful consideration of the Recommended Disposition, Mr. Crowley's objections, and a *de novo* review of the record, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 33). Further, the Court denies as moot Mr. Crowley's motion for status report (Dkt. No. 36).

The Court writes separately to address Mr. Crowley's objections (Dkt. Nos. 34, 35). In his objections filed on September 27, 2018, Mr. Crowley argues that his case falls under the exceptions for exhaustion of administrative remedies because prison officials failed to comply with administrative procedures (Dkt. No. 34, at 2-3). Mr. Crowley further argues that his next administrative remedy was to file a "Step Three" grievance because the "Emergency Grievance" that he filed automatically counts as a "Step Two" grievance (*Id.*, at 5-6). In his objection filed on September 28, 2018, Mr. Crowley argues that he could not pursue a "Step 3" grievance until he first received a response from the prison officials regarding his "Emergency Grievance" (Dkt. No. 35, at 1).

The Court must dismiss any claim that was not fully exhausted before the date a complaint was filed. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed to comply with administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). An inmate's subjective belief about the effectiveness of the grievance process does not excuse a failure to exhaust, nor does confusion about exhaustion requirements excuse a failure to exhaust. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Mr. Crowley again attached the grievances that he filed on June 15, 2018, and August 1, 2018 (Dkt. No. 34, at 8-10). On those grievance forms, Mr. Crowley had the option of filing a "Step One," "Step Two," or "Emergency Grievance." (*Id.*). Mr. Crowley's grievance from June 15, 2018, was labeled as both "Step One" and "Emergency Grievance," and his grievance from August 1, 2018, was labeled as "Step One." (*Id.*). As Judge Deere explained in the Recommended Disposition, an "Emergency Grievance" can count as a "Step Two," or a formal grievance, if a problem solver determines that an emergency grievance presents a true emergency (Dkt. No. 33, at 3). If that determination is made, prison officials must take "corrective action" within 24 hours of the grievance being filed (*Id.*). "[H]owever, if the grievance is found to not involve a substantial risk of personal injury or serious and irreparable harm, it will be returned to the problem solver and processed under Step One." (Dkt. No. 20-1, Inmate Grievance Procedure, Ex. A, at 2).

According to Mr. Crowley, he did not receive a response within 24 hours from prison officials to the "Emergency Grievance" he filed on June 15, 2018 (Dkt. No. 34, at 1). If prison officials determine that there is not a substantial risk of personal injury or serious and irreparable harm, they are not required to respond to an "Emergency Grievance" within 24 hours (Dkt. No. 20-1, Inmate Grievance Procedure, Ex. A, at 2, 6). In that situation, which applies to this case, the grievance is treated as a "Step 1," or informal process, and prison officials are required to process the grievance "within the normal time limits." (*Id.*). Therefore, the Court finds that prison officials complied with administrative procedures.

Based on the record before the Court, Mr. Crowley has not presented a grievance form indicating that he filed a "Step Two" grievance. Mr. Crowley has also not presented any evidence that prison officials did not allow him to file a "Step Two" grievance. Even though he did not receive a response regarding his "Emergency Grievance," the "Step Two" grievance was available to Mr. Crowley; he could have used the same grievance form that he filed previously to file his "Step Two." *See Miller*, 247 F.3d at 740 (finding that § 1997e(a) "does not require exhaustion of *all* remedies; it requires the exhaustion of 'such administrative remedies as are available.'"). Further, Mr. Crowley's allegations do not support a claim that a prison official prevented him from taking this action. Therefore, Mr. Crowley failed to exhaust his administrative remedies by failing to file a "Step Two" grievance.

The Court grants defendants Maqez Nailor, Patrick Pierre, Kenneth Starks, William Straughn, and Latoya Woods' motion for summary judgment (Dkt. No. 19). Mr. Crowley's complaint is dismissed without prejudice (Dkt. No. 2). The Court denies as moot Mr. Crowley's motion for status report (Dkt. No. 36).

It is so ordered, this 26th day of October, 2018.

_____
Kristine G. Baker
United States District Judge